## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.:

Ellen Sottak,

        Plaintiff,

   vs.

Radius Global Solutions, LLC

        Defendant.

**COMPLAINT**

**JURY TRIAL DEMAND**

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES THE PLAINTIFF, ELLEN SOTTAK, BY AND THROUGH COUNSEL, Daniel M. Brennan, Esq. and for her Complaint against the Defendant, Radius Global Solutions, LLC, pleads as follows:

## I.

## NATURE OF THE ACTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## II.

## JURISDICTION AND VENUE

2. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k.

3. Venue is proper in the Southern District of Florida as the Defendant Radius Global Solutions, LLC conducts business in the State of Florida.

## III.

## PARTIES

4. Plaintiff is a natural person residing in Lake Worth, Palm Beach County, Florida.

5. The Defendant to this lawsuit is Radius Global Solutions, LLC ("Defendant") which is a foreign corporation that conducts business in the state of Florida.

## IV.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed to Ally Financial in the amount of $503.71 (the "alleged Debt").

7. On or about January 28, 2021, Plaintiff received a Demand Letter from Defendant.  In the letter, Defendant stated that Plaintiff has 30 days to dispute the validity of the alleged Debt and offered Plaintiff a settlement for the alleged Debt. Under the FDCPA, if a consumer disputes the debt or any

part of it within a 30 day period from the date that the consumer receives a debt collector's demand letter, then the debt collector is required to cease all collection efforts until the debt collector provides verification of the debt to the consumer.

8. On or about February 25, 2021, Credit Repair Lawyers on behalf of Plaintiff, sent Defendant a Cease and Desist and request for validation letter.

9. On March 9, 2021, Defendant   sent a settlement offer to directly to Plaintiff, completely ignoring the Plaintiff's demand for validation of the debt.

10. To date, neither Plaintiff nor her counsel have received validation of the alleged Debt.

11. Defendant continues its attempts to collect the alleged Debt without validating the alleged Debt, in violation of the FDCPA.

12. Further, Defendant contacted Plaintiff after Defendant was notified that Plaintiff was represented by an attorney, and after receiving a Cease and Desist letter, in violation of the FDCPA

13. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions.

## COUNT I- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff realleged paragraphs 1 through 13 as if recited verbatim.

15. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

16. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

17. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

18. Defendant's foregoing acts in attempting to collect this alleged Debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692c by contacting Plaintiff after Defendant was notified that Plaintiff is represented by an attorney and after receiving the Cease and Desist letter;

   b. 15 U.S.C. §1692e by using deceptive practices to attempt to collect the alleged Debt by making further collection attempts without validating the alleged Debt; and

   c. 15 U.S.C. §1692g by making further collection attempts without validating the alleged debt therefore, violating Plaintiff's validation rights.

19. To date, and as a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from stress and irritation.

20. Defendant's failure or refusal to meet the clear FDCPA requirement of validating a disputed or unfamiliar debt upon the request of the Plaintiff resulted in Plaintiff suffering emotional distress, anxiety, humiliation, embarrassment, worry and nervousness.

21. Defendant's failure or refusal to stop contacts with Plaintiff upon notice of representation by counsel resulted in Plaintiff suffering anxiety, worry, stress, and fear regarding Defendant's failure to terminate collection efforts directed at a represented consumer.

22. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of Defendant's violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## <u>DEMAND FOR JUDGMENT RELIEF</u>

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a. Actual damages;

b. Statutory damages;

c.  Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: May 26, 2021

**By: /s/ Daniel Brennan**
Daniel Brennan
Bar Number 43395
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: daniel@crlam.com
*Attorney for Plaintiff*